

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 788-9776*
*sscharfs@law.nyc.gov*

August 7, 2013

Honorable William F. Kuntz (*by ECF*)
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  Maitland v. City of New York, et al., 13 CV 2807 (WFK) (VVP)

Dear Judge Kuntz:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York, Donald Perceval, Sean Downes, and Robert Ho in the above-referenced action brought pursuant to 42 U.S.C. § 1983.

    Although defendants have filed their answer to the complaint today, I write to advise the Court that defendants may request a pre-motion conference with regard to a Rule 12(c) motion to dismiss plaintiff's claim for municipal liability pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), against defendant City, at a later date, pursuant to III.B.1.(i) and 3 of Your Honor's Individual Motion Practices and Rules. Defendants believe that this claim is legally defective in that it does not articulate a theory of municipal liability and otherwise satisfy the "facial plausibility" pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), and their progeny in this Circuit. Rather, the claim is diffuse and implausible, consisting of no more than blunderbuss and unsubstantiated allegations against the NYPD calculated to discredit the City and the defendant officers. The facts alleged in support of this claim are dissimilar in kind from the facts alleged with regard to the incident involving plaintiff. However, in the interests of efficiency and to avoid enmeshing the Court in unnecessary motion practice, defendants believe that the better approach at this stage is bifurcation. Defendants therefore intend to request first at the initial conference that Magistrate Judge Pohorelsky set a briefing schedule on defendants' proposed motion to bifurcate Monell discovery. As a ruling bifurcating discovery will necessarily affect the trial of

this action, defendants wish to advise Your Honor of this anticipated motion and of their intention to move to dismiss, if necessary, in the alternative.[1]

Defendants believe that the circumstances of this case strongly favor bifurcation. In his complaint, plaintiff Lloyd Maitland alleges that, on or about March 20, 2011, he was falsely arrested by the individually-named defendant New York City police officers and that he was prosecuted until he was acquitted after a trial on October 17, 2012. Monell discovery would inevitably be burdensome and costly, would likely result in disputes that would require ongoing Court supervision, and would also likely prolong the life of this simple and straightforward matter that should proceed to trial expeditiously on the issues of individual liability and damages. Moreover, if the policy claim were to be tried together with those of individual liability, the result may well be juror confusion and the individual defendants may be prejudiced. Plaintiff's damages, if any, are finite. The injuries that he claims to have suffered, and the length of his confinement, are no different depending on whether they were allegedly caused by a few officers acting on their own or by officers acting pursuant to a City policy. See, e.g., Jones v. City of New York, 2011 U.S. Dist. LEXIS 31561 at *2-3 (E.D.N.Y. Mar. 27, 2011). If the defendant officers are found not to violated a constitutional right, there can be no liability on the part of the City. Further, bifurcating Monell claims is the preferred approach in this Circuit. Mineo v. City of New York, 2013 U.S. Dist. LEXIS 46953 at *4 (E.D.N.Y. Mar. 29, 2013).

We thank the Court for its consideration of the above.

Respectfully submitted,

/S/

Susan P. Scharfstein

cc:   Honorable Viktor V. Pohorelsky (by ECF)
      David B. Rankin, Esq. *(by ECF)*

---

[1] Defendants raise this issue now as they do not wish a Rule 12 motion to be perceived as an afterthought if it is made after defendants have answered and once plaintiff has served demands for Monell discovery. Defendants will also seek a stay of Monell discovery pending resolution of such a motion.