UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LLOYD MAITLAND,

                    Plaintiff,                    **MEMORANDUM ORDER**

     - v -

                                     CV-13-2807 (WFK)(VVP)

CITY OF NEW YORK, et al.,

                    Defendants.
----------------------------------------------------------x

     There are three discovery motions now pending in this matter.  The plaintiff has made a motion for the disclosure of certain grand jury testimony that may have been given by the defendants, Dkt. Ent. 16, and a motion to compel production of records concerning allegations of the use of excessive force by the defendants, Dkt. Ent. 23.  The defendants have moved to compel the plaintiff to provide releases to obtain his criminal history, his unemployment compensation records, and his tax returns.  Dkt. Ent. 24.  The motions are addressed in turn below.

<u>*Motion to Disclose Grand Jury Testimony*</u>

     The motion for disclosure of grand jury testimony was preceded by an application seeking an order to unseal the minutes of the grand jury proceedings which the plaintiff made to the state court in which the plaintiff was prosecuted.  That court determined that the extent and timing of any disclosure of grand jury testimony should be made by this court, following *in camera* inspection.  *In re Maitland*, No. 2312/2011, slip op. at 5-6 (N.Y. Sup. Ct. Sep. 5, 2013).  Accordingly, the state court directed that the minutes of the testimony be delivered to this court for such a review, and the Office of the District Attorney, Kings County, has now provided the minutes to me.

     In the opinion issued by the state court on the plaintiff's application to unseal, the court observed that although the recent Supreme Court decision in *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012), may preclude the use of grand jury testimony to prove a federal malicious prosecution claim under section 1983 against an officer who gave the testimony, it did not preclude use of such testimony to support a malicious prosecution claim under state common law.  *In re Maitland*, slip op. at 2-5.  The court went on to point out that, under New

York law, to prove a malicious prosecution claim a plaintiff who was indicted "must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983). Proof of perjury before the grand jury would of course require proof regarding the testimony that was given, the best evidence of which would be the grand jury minutes. Thus, at least to the extent that a plaintiff makes a plausible claim, with specificity, concerning the perjured testimony he or she alleges to have produced the indictment, a substantial need for unsealing the minutes has been established. Indeed, in most cases it is unlikely that a plaintiff could prevail on such a claim without the minutes.

The plaintiff here was prosecuted, and ultimately acquitted, of driving while intoxicated with underage children. His defense, supported by testimony from a neighbor who said she witnessed the plaintiff's encounter with the police, was that he had not been driving the automobile when it was stopped by the police. He thus contends that to the extent that any of the officers who arrested him here gave testimony to the grand jury that they saw him driving the automobile, their testimony would have been false and potentially perjurious.

Having conducted an *in camera* review of the testimony before the grand jury, I find that the plaintiff has established a sufficiently compelling and particularized need for disclosure of the testimony given by Police Officer Don Perceval at pages 5 through 7 of the minutes of the grand jury proceedings.[1] The testimony shall be considered "Confidential Material" within the meaning of the Confidentiality Stipulation and Protective Order previously entered by the court. Dkt. Ent. 22.[2]

---

[1] Under New York law, one seeking disclosure of grand jury minutes must demonstrate "a compelling and particularized need for access." *In re Dist. Att'y of Suffolk Cnty.*, 58 N.Y.2d 436, 444 (1983)

[2] The court will mail copies of the pages of the minutes of Officer Perceval's testimony to counsel for all the parties upon expiration of the time for filing objections to this ruling or advice from all counsel that objections will not be filed.

_Motion to Disclose Disciplinary History Concerning Allegations of Excessive Force_

As the plaintiff has not made a claim for excessive force in this action, other than that his handcuffs were too tight, discovery concerning any disciplinary history related to allegations of excessive force made by others is not reasonably calculated to lead to evidence admissible at trial. _E.g., Barrett v. City of New York_, 237 F.R.D. 39, 40 (E.D.N.Y. 2006); _Pacheco v. City of New York_, 234 F.R.D. 53, 55 (E.D.N.Y. 2006); _Younger v. City of New York_, No. 03 CIV. 8985, 2006 WL 1206489, at *1 (S.D.N.Y. May 2, 2006). Accordingly, the motion to compel production of disciplinary history concerning allegations of excessive force is denied.

_Motion to Compel Releases for Criminal History, Unemployment Records and Tax Returns_

The plaintiff, in response to the defendants' motion for various releases, has agreed to provide the requested releases in view of the defendants' withdrawal of the demand for tax returns. The defendants' motion therefore appears to be moot and it is dismissed as such, subject to renewal if issues concerning the releases re-emerge.

**SO ORDERED:**

_Viktor V. Pohorelsky_

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           January 22, 2014